# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0969V
(not to be published)

| | |
|---|---|
| COLLEEN BLOCK,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: August 31, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Expert Costs |

*Lia Obata Dowd, Dowd & Dowd, P.C., St. Louis, MO,* for Petitioner.

*Darryl R. Wishard, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 3, 2019, Colleen Block filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she experienced Guillain-Barré syndrome as a result of an influenza vaccine administered on November 10, 2017. (Petition at 1-2). On October 29, 2021, a decision was issued dismissing Petitioner's case. (ECF No. 32).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated May 14, 2022 (ECF No. 38), requesting a total award of $44,220.44 (representing $9,779.40 in fees and $34,441.04 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. (ECF No. 38-4). Respondent reacted to the motion on May 18, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 39). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a fees award proper, despite the outcome of the case. However, a reduction in the amount of costs to be awarded is appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive.

Petitioners who bring their petitions in good faith and who have a reasonable basis for their claim may be awarded fees even if the claim is unsuccessful. 42 U.S.C. § 300aa-15(e)(1). Here, I find that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that good faith and reasonable basis have been satisfied. Respondent's position greatly contributes to the finding of reasonable basis. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.")  A final award of reasonable attorneys' fees and costs is therefore proper in this case.

## ATTORNEY FEES

Petitioner requests the following rates for attorney Lia Obata Dowd: $325 per hour for time billed in 2019; $335 per hour for time billed in 2020; and $345 per hour for time billed in 2021. (ECF No. 38-2 at 1-4). Ms. Dowd has been a licensed attorney since 2008, placing her in the range of attorney with 11 - 19 years' experience on the OSM Attorney's Forum Hourly Rate Schedule.[3] The requested rates fall within the range, and are otherwise reasonable, and I shall therefore award them herein.

## ATTORNEY COSTS

Petitioner also requests $34,441.04 in overall costs. (ECF No. 38-3 at 2). This amount is comprised of obtaining medical records, expert costs, life care planner costs, and the Court's filing fee. I have reviewed all the requested costs and find most of them to be reasonable – with the exception of costs associated with Petitioner's expert, Dr. David M. Simpson.

Petitioner seeks $29,750.00 for work performed by Dr. Simpson. (ECF No. 38-3 at 32, 41, 43, 48). Dr. Simpson had been contacted to review medical records and prepare an expert report, and asks for compensation at the rate of $700.00 per hour to review medical records. Petitioner has not, however, provided any substantiation this hourly rate, which greatly exceeds the rate of $500 per hour which has been previously awarded for his work. *See Gonzalez v. Sec'y of Health & Human Servs.,* No, 17-174, 2022 WL 3135297, (Fed. Clm Spec. Mstr. Jul 8, 2022).

---

[3] The forum rates in the Vaccine Program are derived from the OSM Attorney's Forum Hourly Rate Schedules for years 2015 - 2022 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

3

Additionally, there is problem with the nature of the expert work performed. Dr. Simpson opined outside his area of expertise, since he lacks the requisite immunological background to credibly address an issue that proved central to the claim's resolution. See Decision Dismissing Off-Table Claim (ECF No. 32) at 7. Other special masters have reduced awardable expert costs when the expert offered an opinion exceeding his demonstrated expertise. *See, e.g.*, *Barclay v. Sec'y of Health & Human Servs.*, No. 07-605V, 2014 WL 2925245, at *7 (Fed. Cl. Spec. Mstr. Feb. 7, 2014) (reducing rate for Dr. Marcel Kinsbourne from $ 500.00 to $ 300.00 per hour for work done outside his area of expertise).

I shall award Dr. Simpson the reduced rate of $400.00 per hour for his time billed in this case – a slight reduction to his previously awarded hourly rate, and appropriate given his minimal experience bearing on the issue to which he opined. This reduction is sufficient to account for the deficiencies in the report overall, and results in a reduction of requested costs in the amount of **$12,675.00**.[4]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$31,545.44** (representing $9,779.40 in fees and $21,766.04 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] This amount is calculated as follows: $700 - $400 = $300 x 42.25 hrs = $12,675.00.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.